No. 95-2604

William Rendleman,                   *
                                     *
                  Appellant,         *
                                     *  Appeal from the United States
          v.                         *  District Court for the
                                     *  Eastern District of Missouri.
Steel City Marine          *
Transport, Inc.,                     *          [UNPUBLISHED]
                                     *
                  Appellee.          *

Submitted:  February 16, 1996

Filed:  March 11, 1996

Before WOLLMAN, HEANEY, and MAGILL, Circuit Judges.

PER CURIAM.

     William Rendleman, chief engineer of a tow boat owned and operated by Steel City Marine Transport, Inc. ("Steel City"), brought an action under the Jones Act, 46 U.S.C. § 688, to recover damages that resulted from a personal injury.  A jury returned a verdict in favor of Steel City and the court entered judgment accordingly.  Rendleman appeals the district court's ruling permitting Steel City to introduce Rendleman's complaint into evidence.  We affirm.

     In its defense, Steel City asserted that Rendleman was not involved in any accident.  Instead, Steel City maintained, Rendleman's knee "went out" as a result of a prior non-work-related  injury and Rendleman fabricated the story about an accident to recover from his employer.  In a statement to his treating

physician, on an accident report form, and in his civil complaint against Steel City, Rendleman claimed that he was injured on February 3, 1990. At trial, however, Rendleman asserted that the accident occurred on February 5, 1990. Steel City argued that Rendleman changed the date of the alleged accident because he had made a record in a work log for February 3, 1990 in which he made no mention of an accident but he had not completed any work log for February 5, 1990.

Rendleman's argument on appeal--that the court abused its discretion by allowing Steel City to introduce his complaint into evidence--borders on frivolous. Statements made in pleadings constitute admissions. Missouri Hous. Dev. Comm'n v. Brice, 919 F.2d 1306, 1314 (8th Cir. 1990). As such, they are admissible at trial. County of Hennepin v. AFG Indus., Inc., 726 F.2d 149, 153 (8th Cir. 1984). Although it would have been possible, as Rendleman urges, for the jury to have found no fundamental inconsistency between the complaint alleging an accident "on or about February 3, 1990" and his later testimony that the accident occurred on February 5, 1990, that possibility speaks to the weight and value of the evidence, not to its admissibility in the first instance.

The district court's admission of Rendleman's complaint in no way constitutes an abuse of discretion. Accordingly, we affirm the judgment below.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

2